# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| JAMES Q. WILLIAMS ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2055-KHV |
| BOARD OF COUNTY COMMISSIONERS OF ) | |
| JOHNSON COUNTY, KANSAS, et al., ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On February 17, 2006, plaintiff filed suit against the Board of County Commissioners of Johnson County, Kansas and Deputy Stapleton. Liberally read, the complaint asserts claims under 42 U.S.C. §§ 1983, 1985 and 1988 for violation of constitutional rights under the Fourth, Fifth and Fourteenth Amendments and state law claims for negligence. This matter comes before the Court on defendants' Motion To Dismiss (Doc. #7) filed March 28, 2006. On May 9, 2006, the Court granted plaintiff until May 23, 2006 to respond. Plaintiff has not opposed this motion. For reasons set forth below, however, the Court finds that the motion should be overruled in part and sustained in part.

## Standards For Motions To Dismiss Under Rule 12(b)(6)

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts in the complaint and views them in a light most favorable to plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). The Court makes all reasonable inferences in favor of plaintiff, and liberally construes the pleadings. Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts which

would entitle him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on material elements that must be proved. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court affords a *pro se* plaintiff some leniency and must liberally construe the complaint. Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1333 (D. Kan. 1994). While *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants must follow the same procedural rules as other litigants. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The Court may not assume the role of advocate for a *pro se* litigant. Hall, 935 F.2d at 1110.

**Facts**

The complaint alleges the following facts:

On February 19, 2004, plaintiff was an inmate at the Johnson County Adult Detention Center in Gardner, Kansas. On February 19, 2004, in the course of his duties, Deputy Sheriff Stapleton pushed a stainless steel kitchen cart which struck plaintiff. As a result, plaintiff suffered serious and disabling injuries. Plaintiff requested medical care, but the Board of County Commissioners ("Board") "was indifferent to the medical needs of the Plaintiff, and deprived him of his constitutional rights protected by Federal Law." Complaint (Doc. #1) filed February 17, 2006, ¶ 12. Plaintiff alleges that Stapleton was negligent in failing to exercise due care in the handling and pushing of the kitchen cart and in failing to keep a proper lookout for persons who might be in the path of the cart. Plaintiff alleges that the Board was negligent in failing to properly supervise and instruct Stapleton in proper handling of the cart.

**Analysis**

Defendants do not address plaintiff's state law claims, but assert that plaintiff has not alleged sufficient facts which entitle him to relief under 42 U.S.C. §§ 1983, 1985 or 1988. Defendants also argue that they are entitled to qualified immunity and have not been personally served with process. As noted, plaintiff has not responded to the motion, and has not addressed any of the arguments presented.

**I.      Claims Under 42 U.S.C. § 1983**

To state a claim under Section 1983, plaintiff must allege that a person has deprived him of a federal right, constitutional or statutory, and that the person acted under color of state law in doing so. Hall v. Doering, 997 F. Supp. 1445, 1450 (D. Kan. 1998). To defeat a motion to dismiss, plaintiff's claim must allege specific facts – not simply legal and constitutional conclusions. Id. at 1451.

In his claim under 42 U.S.C. § 1983, plaintiff alleges that defendants violated his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Defendants argue that (1) plaintiff has not alleged facts to support violations of rights secured by the Fourth and Fourteenth Amendments; (2) plaintiff cannot state a claim under the Fifth Amendment because he has not alleged action by a federal official; (3) in their individual capacities, defendants are entitled to qualified immunity; (4) county commissioners cannot be liable on a theory of vicarious liability or respondeat superior; and (5) plaintiff has not alleged a policy or custom which led to a violation of his constitutional rights.

      **A.     Fourth Amendment**

Without specifically identifying how defendants violated his rights, plaintiff alleges a violation of rights under the Fourth Amendment. The Court construes plaintiff's complaint as a claim for deliberate indifference to serious medical needs and use of excessive force. Defendants argue that plaintiff is not protected under the Fourth Amendment because he was a convicted felon in custody on February 19, 2004, when the alleged

3

events took place. See Complaint (Doc. #1) at ¶ 9. The Court may consider plaintiff's claim, however, as an Eighth Amendment claim for cruel and unusual punishment. Defendants argue that even an Eighth Amendment claim must fail because plaintiff did not allege a specific injury or sufficiently culpable state of mind. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

To state a claim for deliberate indifference to plaintiff's serious medical needs, plaintiff must allege acts or omissions which are sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Plaintiff alleges that he "requested adequate medical care to treatment of the injuries suffered . . . but that the Defendant, Board of County Commissioners, was indifferent to the medical needs of the Plaintiff." Complaint (Doc. #1) ¶ 12. Plaintiff also alleges that as a result, he suffered permanent disability. Although plaintiff's complaint contains few specific facts, it is sufficient for purposes of notice pleading to state an Eighth Amendment claim.[1]

On this claim, the Board of County Commissioners can be liable under Section 1983 if an official custom or policy caused a violation of plaintiff's constitutional rights, see Kentucky v. Graham, 473 U.S. 159, 165 (1985); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978), or an individual with final policymaking authority violated plaintiff's constitutional rights. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-84 (1986) (single decision by official responsible for establishing final policy may give rise to municipal liability); Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1189 (10th Cir. 2003); Jantz v. Muci, 976 F.2d 623, 630 (10th Cir. 1992) (same), cert. denied, 508 U.S. 952 (1993). Here, plaintiff has not alleged that the Board maintained a policy or custom of deliberate indifference to his serious medical needs. Nor does

---

[1] Plaintiff does not allege that Stapleton was deliberately indifferent to his serious medical needs, and his prayer for relief does not seek relief against Stapleton on this claim.

4

he identify an individual with final policymaking authority who denied the medical care in question. The Court therefore dismisses plaintiff's Fourth Amendment claims (which the Court construes as Eighth Amendment claims) against the Board and Board members in their official capacities. Plaintiff has stated an Eighth Amendment claim against the Board members in their individual capacities.

As to his claim that Stapleton used excessive force, to state an Eighth Amendment claim, plaintiff must allege facts which indicate that the force was not applied "in a good-faith effort to maintain or restore discipline," and that the force was applied "maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Here, plaintiff has not alleged that Stapleton used such force. In fact, plaintiff expressly alleges that the incident resulted from negligence. Plaintiff has not stated an excessive force claim on which relief can be granted under the Fourth or Eighth Amendments.

### B. Fifth Amendment

Plaintiff claims that defendants violated his Fifth Amendment rights. The factual basis for this claim is not clear. Defendants argue that because claims under the Fifth Amendment may only be maintained against federal officials, plaintiff's claims must be dismissed. Construing plaintiff's claim under the Fifth Amendment as a claim for violation of due process, the Court notes that the due process clause applies to action by the federal government. See Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54-55 (3d Cir. 1983); see also United States v. Lanza, 260 U.S. 377, 382 (1922) (Fifth Amendment applies only to proceedings by the federal government). Here, defendants are state actors. The Court therefore dismisses plaintiff's Fifth Amendment claims.

### C. Fourteenth Amendment

Although the specific facts on which plaintiff relies are not clear, the Court construes his Fourteenth

Amendment claim as one under 42 U.S.C. § 1983 for violation of substantive due process rights. The standard for judging a substantive due process claim is whether the governmental conduct would "shock the conscience of federal judges." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 528 (10th Cir. 1998) (citations omitted). The Tenth Circuit has held that "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing governmental power." Id. (quotations omitted). Plaintiff must demonstrate outrageousness and a truly shocking magnitude of actual or potential harm, i.e. more than an ordinary tort. Id.; Abeyta ex rel. Martinez v. Chama Valley Indep. Sch. Dist. No. 19, 77 F.3d 1253, 1257 (10th Cir. 1996). The Supreme Court has identified basic principles for the Court to consider in evaluating substantive due process claims: (1) the need for restraint in defining their scope; (2) the concern that Section 1983 not replace state tort law; and (3) the need for deference to local policymaking bodies in making decisions which impact public safety. Uhlrig v. Harder, 64 F.3d 567, 573 (10th Cir. 1995) (citations omitted).

Plaintiff alleges that Stapleton negligently pushed a kitchen cart and that the Board denied him adequate medical care. Plaintiff's complaint does not indicate harm of a shocking magnitude that would be greater than that inflicted by an ordinary tort. In light of the "conscience shocking" standard and factors established by the Supreme Court, plaintiff's allegations do not shock the Court's conscience. The Court therefore dismisses plaintiff's substantive due process claim.

### D. Qualified Immunity

Qualified immunity safeguards government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1255 (10th

Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The purpose of qualified immunity is to avoid excessive disruption of governmental functions and to dispose of frivolous claims in the early stages of litigation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  It protects all but the plainly incompetent or those who knowingly violate the law.  Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001), cert. denied, 535 U.S. 1056 (2002) (internal quotations and citations omitted).  It is an immunity from suit rather than a mere defense to liability.  Saucier, 533 U.S. at 200-01 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  Consequently, the Supreme Court has explained that courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation.  Siegert v. Gilley, 500 U.S. 226, 23 (1991); Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

Defendants assert that to the extent plaintiff alleges individual liability, they are entitled to qualified immunity.[2]  To survive a motion to dismiss, plaintiff must first allege facts which show that defendants violated a clearly established constitutional right.  Siegert v. Gilley, 500 U.S. 226, 231 (1991).  Here, plaintiff does so with respect to one claim: that individual Board members were deliberately indifferent to his serious medical needs.

Plaintiff must next show that the violated right was "clearly established" at the time of the conduct.  Id. at 232.  Defendants do not address this prong, arguing only that plaintiff has not alleged a constitutional violation.  For a law to be clearly established, "there must be a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits must have found the law to be as the

---

[2] The complaint does not state whether defendants are sued in their official capacities, individual capacities or both.

plaintiff maintains." Moore v. Guthrie, 438 F.3d 1036, 1042 (10th Cir. 2006) (citations omitted). While plaintiff has not offered any response to defendants' motion, the Court notes well-established law that '[p]rison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 104-06 (1976)). County commissioners are similarly responsible for taking measures to safeguard inmates. Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). A reasonable official would have known that refusal to provide medical care for an inmate's serious medical needs would violate that inmate's rights under the Eighth Amendment. Accordingly, defendants' motion to dismiss on qualified immunity grounds is denied as to plaintiff's one remaining claim.

## II.     Claims Under 42 U.S.C. § 1985

Plaintiff does not identify the subsection of 42 U.S.C. § 1985 under which he brings his claim. Liberally reading plaintiff's complaint, the Court construes his claim as one under Section 1985(3), which provides in part as follows:

> [i]f two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages . . . against any one or more of the conspirators.

Defendants argue that plaintiff does not state a claim under Section 1985(3) because he does not allege elements of a conspiracy or membership in a protected class.

Section 1985(3) applies to conspiracies motivated by racial, or perhaps otherwise class-based discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Tilton v. Richardson, 6 F.3d

683, 686 (10th Cir. 1993); see also Brooks v. Sauceda, No. 00-3025, 2000 WL 1730892 (10th Cir. Nov. 22, 2000). Plaintiff has not alleged that (1) defendants conspired against him; (2) he belongs to a protected group; or (3) defendants' actions were racially motivated. Defendants are therefore entitled to dismissal of plaintiff's claim under Section 1985.

**III.    Claims Under 42 U.S.C. § 1988**

Defendants argue that plaintiff has not shown a substantive violation of federal rights and thus cannot recover attorney fees. *Pro se* litigants are not entitled to attorney fees under Section 1988. Kay v. Ehrler, 499 U.S. 432, 438 (1991). Plaintiff's claim for attorney fees under Section 1988 is therefore dismissed.

**IV.    Insufficiency Of Process**

Defendants ask the Court to dismiss all claims against them in their individual capacities for insufficiency of service of process under Rule 12(b)(5), Fed. R. Civ. P. Specifically, defendants argue that plaintiff directed service of process through the Clerk of the Board of County Commissioners and did not accomplish personal service as directed by Rule 4, Fed. R. Civ. P. or K.S.A. § 60-303.

Fed. R. Civ. P. Rule 4(e) sets out the methods for service of process. Under Kansas law, service upon an individual must be made "by serving the individual or by serving an agent authorized by appointment or by law to receive service of process." K.S.A. § 60-304(a). Under K.S.A. § 60-303, service upon an individual can be accomplished by personal service, agency service, service by certified mail addressed to the individual, residence service, or personal and residence service. Actual notice of the suit does not confer personal jurisdiction over defendant. See Gregory v. United States Bankruptcy Court, 942 F.2d 1498, 1500 (10th Cir. 1991).

Here, plaintiff served defendants by certified mail addressed to the "Board of County Commissioners,

Johnson County, Kansas, Attn. Casey Carl" and "Deputy Stapleton, PSN 1169, Johnson County Sheriff's Dept., Attn. Casey Carl" at "111 South Cherry Street, Suite 3300, Olathe, Kansas, 66061." Docs. #10 and #11, both filed March 31, 2006. Plaintiff has not accomplished proper service on defendants in their individual capacities. At this point, the Court could dismiss defendants from this action or allow plaintiff additional time in which to effectuate service of process. See Kester v. State of Kan., No. Civ.A. 05-2031-CM, 2005 WL 1387968, at *1 (D. Kan. 2005). The Court grants plaintiff additional time to re-serve. **On or before September 15, 2006, plaintiff shall re-serve defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, and file with the Court a proper return of service.**

## V.     State Law Claims

Defendants argue that because plaintiff has not alleged or shown a violation of federally protected rights, the Court should not exercise supplemental jurisdiction over plaintiff's unspecified state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction once it has dismissed the claims over which it had original jurisdiction. Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1236 (10th Cir. 1998). If all federal claims are dismissed before trial, state law claims will generally be dismissed as well. Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990). Plaintiff has one remaining federal claim against the Board members in their individual capacities for denial of medical care, and the Court will therefore exercise jurisdiction over plaintiff's state law claims. If plaintiff does not properly serve defendants as directed, the Court will dismiss the remaining federal claim and decline to exercise jurisdiction over state law claims.

**IT IS THEREFORE ORDERED** that defendants' Motion To Dismiss (Doc. #7) filed March 28, 2006 be and hereby is **SUSTAINED in part and OVERRULED in part**. Plaintiff's only

remaining claims are (1) Section 1983 claims against the Board of County Commissioners in their individual capacities for deliberate indifference to medical needs and (2) negligence claims under state law against all defendants in their individual and official capacities.  The Court dismisses all other claims.

**IT IS FURTHER ORDERED** that **on or before September 15, 2006**, plaintiff re-serve defendants in their individual capacities pursuant to Rule 4 of the Federal Rules of Civil Procedure, and file a return of service as to each individual defendant.  If plaintiff does not do so, the Court will dismiss the remaining federal claims against the individual Board members without further notice, and decline to exercise jurisdiction over the state law claim against all defendants.

Dated this 17th day of August, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge